[Hamilton County Circuit Court, December 21, 1894.]

Swing, Smith & Cox, JJ.

JOHN PODESTA ET AL. V. THE SOCIETA DI UNIONE, ETC., ET AL.

RIGHT OF A BENEFICIAL SOCIETY TO APPLY ITS FUNDS TO RELIGIOUS PURPOSES.

The funds of a society, organized to assist its sick and needy members, cannot, without a change of its constitution, be applied to religious purposes.

APPEAL from Hamilton common pleas.

SWING, J.

In this case we think the plaintiffs are entitled to the relief prayed for.

The fundamental principles of this society, as expressed in what are denominated its "fundamental statutes," are: First, that the society is not to be interested in politics or religion; and second, it is constituted for the purpose of assisting the members in case of illness, to facilitate the relationship of the Italians as though members of one family, and to promote their instruction.

Podesta et al. v. Societa Di Unione, etc.

The rules of the society, in carrying out these fundamental statutes, relate to the government of the society as to meetings, membership, etc., and those which relate to the expenditure of money pertain exclusively to those who are sick and to those who are needy; rule 56 provides that "the funds of the society shall be expended only for the purposes of the society."

The history of the society is that it has been in existence some twenty-six years, during which time it has looked after its sick and needy members, and expended money to relieve them, and also has on several occasions, such as the fire in Chicago, the yellow fever in Memphis and the earthquake in Italy, donated small sums in aid of the sufferers at these different points. At the time of the donation made in this case, the society had on hand funds aggregating some $12,000, of which $5,500 was attempted to be donated to Archbishop Elder for the purpose of aiding the congregation of the Sacred Heart, an Italian church in Cincinnati, where most of the families belonging to the society worshipped.

In attempting to make this donation, it seems to us that the society went beyond its powers. In the first place, they were prohibited from becoming interested in politics or religion. In this case they gave nearly half their accumulations virtually to a religious denomination. No doubt many of them would be greatly benefited by this, and the object of the gift must in every way be commended and praised; but it is clear and self-evident that this society can not make any and all kinds of gifts simply because they are praiseworthy and commendable, even though they would be of some benefit to members of the society.

It seems manifest to us that the primary object of this society, as shown by their fundamental statutes and the rules governing it, especially those as to the expenditure of its funds, related to its sick and needy members, and even in these the rules are very strict and guarded.

It does not appear that the society had previously been in the habit of making donations such as the one in controversy.

In the present case nearly one-half its funds are taken away from it. If so much can be taken, all could be taken in the same way, and the original and fundamental purpose of the society would thereby be defeated.

It appears to us that this would be manifestly wrong and unjust; in fact it would amount to a fraud upon the rights of those members who objected. Every member has a right to see that the funds of the society are not diverted from the purpose for which the society was created and maintained. Funds can not be collected for one purpose and then devoted to another, unless authorized by the laws of the society.

In protecting, as we are bound to do, the rights of this society, we do not desire to reflect upon the motives of the members of the society who brought about this intended donation, for it seems to us clear that their purposes were of the most laudable character, and it may be that they may be able through a change or amendment of their fundamental statutes to bring about their desired object. But as the case is presented to us, we find that the attempted donation was beyond their power to make, and that it should be set aside and held for naught.

*Von Seggern, Phares & Dewald*, for Plaintiffs.

*Paxton, Warrington & Boutet*, for the Society.